IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville July 26, 2005

## STATE OF TENNESSEE v. BRANDON MILLER WAIRE

**Appeal from the Circuit Court for Maury County**
**Nos. 13489, 13673     Stella Hargrove, Judge**

-----

**No. M2004-02577-CCA-R3-CD - Filed October 5, 2005**

-----

The defendant, Brandon Miller Waire, was convicted of possession of cocaine with intent to resell and possession of marijuana with intent to resell. The trial court imposed Range I sentences of six years and two years, respectively, which were ordered to be served consecutively to each other and consecutively to a previously imposed sentence. The defendant was fined two-thousand dollars in each case and ordered to serve his sentence on intensive probation. Later, the probation was revoked and the defendant was ordered to serve his sentence in the Department of Correction. The single issue presented for review is whether the trial court properly revoked probation. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. McLIN, JJ., joined.

Robin Farber, Assistant Public Defender, Columbia, Tennessee, for the appellant, Brandon Miller Waire.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; and Brent Cooper, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, indicted for possession of more than .5 grams of cocaine with the intent to resell and possession of marijuana with the intent to resell, entered into a plea agreement whereby he pled guilty to felony possession of less than .5 grams of cocaine and possession of marijuana with the intent to resell. See Tenn. Code Ann. § 39-17-417 (2003). The effective sentence was eight years, all of which was to be served on intensive probation.

On August 19, 2004, Jean Layne, the supervisory officer, filed a probation violation warrant alleging that the defendant had been arrested by the Columbia City Police and charged with

possession of a firearm, possession of cocaine for resale, and possession of marijuana. It was also alleged that the defendant had tested positive for marijuana in a routine drug screen taken eight days before the officer filed the warrant for his arrest. The officer asserted that the defendant had violated the following rules of his probation:

1. I will obey the laws of the United States as well as any municipal ordinances.

7. I will not use intoxicants of any kind, to excess, or use or have in my possession narcotic drugs or marijuana. I will submit to drug screens as directed.

10. I will observe any special conditions imposed by the [c]ourt . . . [including payment of] court costs etc.

The officer also alleged that the defendant had failed to pay court costs, fines, and probationary fees.

At the probation revocation hearing, the officer testified that on August 11, 2004, a sample that the defendant had submitted for a drug screen had tested positive for marijuana according to Aegis Analytical Laboratories in Davidson County. The laboratory report was signed by the director, Timothy A. Robert, a pharmacologist with a doctorate degree in biomedical sciences. Filed as an exhibit at the hearing, the report confirmed a proper chain of custody and that the testing by Dana Turman, a laboratory technician, showed the presence of marijuana in the sample. The officer testified that the defendant had been arrested on August 19, 2004, for possession of a firearm, possession of cocaine with the intent to resell, and possession of marijuana. She also stated that the defendant had not paid his court costs, fines, or probation fees.

Detective Troy Potts of the Columbia Police Department testified that on August 19, 2004, he was investigating a shooting in an unrelated case when he was invited inside an apartment where the defendant was asleep. Detective Potts, who knew the defendant and was aware that he had been previously convicted of a felony, saw a nine millimeter handgun within his reach. The officer stated that he took possession of the weapon and removed three rounds of ammunition, including one from the chamber of the handgun. According to Detective Potts, he also found a prescription bottle near the defendant, which contained what appeared to be crack cocaine and marijuana. Detective Potts took possession of the substances found in the prescription bottle and, after returning to his office, performed a field test, confirming that the rock like substance was cocaine. He determined the weight of the crack cocaine to be 3.8 grams. According to the detective, there was no one else in the apartment other than Lakeisha Lyman, the tenant, who had permitted the officers to enter. Ms. Lyman's name was on the prescription bottle. When questioned by Detective Potts, the defendant denied any knowledge of the gun or the drugs but he did admit that a cell phone, cigarettes, and three do-rags, all of which were found in the same area on the headboard of the bed, were in his possession.

Ms. Lyman testified that the defendant was not at her apartment when she went to bed on the evening before his arrest. She stated that several other people were present, however, that she retired before they left, and that when she awoke, the defendant was asleep on the other side of her bed. Ms. Lyman denied ownership of the gun, the cocaine, or the marijuana. She also testified that she had seen the defendant in possession of the same gun two days earlier while he was at her apartment.

At the conclusion of the hearing, the trial court determined that the defendant had possessed a firearm and tested positive for marijuana, "enough evidence to make a conscientious judgment . . . and to make an intelligent decision" in revoking the probation.

In this appeal as of right, the defendant argues that the trial court should have excluded the laboratory report as evidence because the applicable statutory law requires that the technician who tests the specimen must also sign the affidavit. The defendant also argues that because he was merely a visitor at the apartment, the evidence was insufficient to warrant a revocation of the probation.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (2003); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief can be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)). The duty of the trial court is to exercise a conscientious and intelligent judgment. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge, who is in the best position to observe witness demeanor. Bledsoe v. State, 215 Tenn. 553, 560, 387 S.W.2d 811, 814 (1965); Delp, 614 S.W.2d at 398. On appellate review, the trial judge's findings in probation revocation proceedings carry the weight of a jury verdict. State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994); Delp, 614 S.W.2d at 398; Carver v. State, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978).

Initially, the defendant argues that the trial court erred by allowing the admission of the laboratory report results. The state contends, however, that the statute does not require that the affidavit be made by the technician who performed the test.

Tennessee Code Annotated section 40-35-311(c)(1) provides as follows:

A laboratory report regarding a defendant's drug test may be admissible in probation revocation proceedings, even though the laboratory technician who performed the test is not present to testify, when accompanied by an affidavit containing at least the following information:
    (A) The identity of the certifying technician;
    (B) A statement of qualifications from the certifying technician;
    (C) A specific description of the testing methodology;

(D) A statement that the method of testing was the most accurate test for this particular drug;

(E) A certification that the test results were reliable and accurate;

(F) A declaration that all established procedures and protocols were followed; and

(G) A statement of acknowledgment that submission of false information in the affidavit may subject the affiant to prosecution for the criminal offense of perjury pursuant to § 39-16-702.

Tenn. Code Ann. § 40-35-311(c)(1) (2003).

In State v. Wade, 863 S.W.2d 406 (Tenn. 1993), our supreme court ruled that the revocation of probation could not be based upon a laboratory report without specific findings by the trial court that the information contained in the report is reliable and that there is good cause to explain the absence of the technician who tested the sample. Id. at 409. Later, in State v. Gregory, this court ruled that a laboratory report accompanied by an affidavit was admissible in the absence of the lab technician but only under certain conditions, 946 S.W.2d at 831-32, many of which were enacted in 1998 by an amendment to Tennessee Code Annotated section 40-35-311.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court held that the procedure in a probation revocation hearing "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id. at 489. The rationale for the ruling was to balance the traditional rights of the defendant to due process and the confrontation of witnesses with a desire for flexibility in a post-trial revocation proceeding. More recently, in State v. John Connley Brewer, M2002-02749-CCA-R3-CD (Tenn. Crim. App., at Nashville, Nov. 13, 2003), this court addressed the identical question presented in this case. In an opinion authored by Judge Alan E. Glenn, our court held that an affidavit containing the same information as is found in the affidavit before this court and signed by one other than the laboratory technician was admissible in a probation revocation hearing. This case is indistinguishable. Thus, the trial court did not error by admitting the laboratory report into evidence by way of affidavit.

Next, the defendant argues that the evidence of a probation violation was insufficient because he was merely a visitor in Ms. Lyman's residence. He contends that the state had not adequately established that either the gun or the illegal drugs were in his possession.

In State v. Harkins, our supreme court ruled that a finding of abuse of discretion in a probation revocation case is warranted only when "the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." 811 S.W.2d at 82. The state is only required to prove a violation by a preponderance of the evidence that the defendant violated the terms of his probation. Tenn. Code Ann. § 40-35-311(e) (2003).

As indicated, the state was required to establish by a preponderance of the evidence that the defendant had violated one or more conditions of his probation. That the defendant had tested

positive for marijuana usage some eight days prior to his arrest qualified as a violation. Moreover, the state's proof established that a weapon and illegal drugs were found on the headboard of Ms. Lyman's bed intermingled with several other items belonging to the defendant. Ms. Lyman testified that she had seen the defendant with the same gun two days earlier. The trial judge implicitly accredited this testimony in finding that the defendant was the possessor of the weapon. The proof is not so strong that the cocaine and marijuana belonged to the defendant. The prescription bottle in which the illegal drugs were discovered was found in Ms. Lyman's single-bedroom apartment near where she had been sleeping and the bottle had a label that bore her name. The trial judge, however, observed the witnesses first-hand and implicitly accredited, at the very least, the testimony that the defendant was the possessor of the illegal drugs. It is, therefore, our view that the trial court made a conscientious judgment in revoking the probation and that the state had at least met its burden of proof as to the results of the drug screen and the possession of the weapon. In summary, the trial court did not abuse its discretion by finding that the defendant violated the terms of his probation and the trial court exercised conscientious judgment in revoking the probation.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-5-